

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIRGIL L. SMITH | CIVIL ACTION |
| VERSUS | NO. 04-982 |
| WARDEN PEACHY, ET AL. | SECTION "I" (1) |

## ORDER AND REASONS

Plaintiff, Virgil L. Smith, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Warden Marlin Peachey, Deputy Warden Greg Longino, and Deputy Stephanie. Plaintiff complains that defendants placed him in isolation without due process, denied him various privileges, confiscated his property, and tampered with his mail. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

On June 18, 2004, United States Magistrate Judge Karen Wells Roby held a Spears hearing to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2] Plaintiff was sworn and his

---

[1] Rec. Doc. 8.

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony "becomes a part of the total filing by the *pro se* applicant." Id.

DATE OF ENTRY
JAN 1 8 2005



testimony was recorded. Based on plaintiff's complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is asserting the following claims.

Plaintiff's first claim is that he was placed in isolation without cause and without being afforded a disciplinary hearing or other due process.

Plaintiff's second claim is that, while he has been in isolation, he has not been allowed to go outside for exercise, receive visitors, watch television, have a Bible or other books, or have a mattress during the daytime.

Plaintiff's third claim is that his property was confiscated.

Plaintiff's fourth claim is that Deputy Stephanie opened and read his mail, including his legal mail from this Court.

Defendants Peachey and Longino have filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.[3] Plaintiff has filed a memorandum in opposition to that motion.[4] In addition, plaintiff has filed a motion for partial summary judgment,[5] as well as motions for the entry of default and for a default judgment against Deputy Stephanie.[6]

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover

---

[3] Rec. Doc. 25.

[4] Rec. Doc. 30.

[5] Rec. Doc. 14.

[6] Rec. Docs. 23 and 24.

is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment

evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In the motion for summary judgment filed by defendants Peachey and Longino, they contend that the claims against them should be dismissed on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency

4

or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

In support of their motion for summary judgment, defendants have submitted an affidavit of defendant Longino regarding the applicable Administrative Remedy Procedure. Longino stated:

1. I am a Deputy Sheriff of St. Tammany Parish and currently hold the position of Deputy Warden/Director of Inmate Affairs of the St. Tammany Parish Jail and because of my duties I know the facts set forth in this Affidavit of my own personal knowledge.

2. I have been employed by the St. Tammany Parish Sheriff's Office since July of 1990. I am POST (Peace Officer Standards and Training) certified in corrections and basic law enforcement. I was promoted to Deputy Warden/Director of Inmate Affairs in 1996.

3. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and is available to all inmates incarcerated at the St. Tammany Parish Jail.

4. All inmates are entitled to use the jail's administrative remedy procedure, including Department of Corrections inmates, parish jail inmates, and pre-trial detainees.

5. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail. I have certified and attached a true copy of the summary of the administrative remedy procedure as it appears in inmate handbook. A copy of the complete administrative remedy procedure may also be found in the jail law library wherein access to the procedure is available to all inmates.

6.   To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates at the jail. In lieu of the form, an inmate may submit a written communication containing the words "This is a grievance through the ARP."

7.   Under the grievance procedure available at the time of the alleged incident, a grievance must be filed within ninety (90) days from the date the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.

8.   As the Deputy Warden/Inmate Affairs Director, I am the First Level Respondent in the grievance process. As the First Level Respondent, I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

9.   If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt of the response by the First Level Respondent. This step is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

10.  If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal. An inmate may only file suit if he or she is not satisfied with the final level of review.

11.  The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

12.  If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Level Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

13.  I have certified and attached a copy of the blank forms used in the administrative remedy procedure, which include the inmate grievance form used by inmates to initiate the administrative grievance process, the form used for the First Level Respondent's response to the grievance, the form used for the Warden's Review Decision, and the form used for the Sheriff's Review Decision.

14. As Deputy Warden/Director of Inmate Affairs, I am familiar with the above captioned lawsuit and know of my own personal knowledge that inmate Virgil Smith did not exhaust all his administrative remedies as required by the St. Tammany Parish Jail's Administrative Remedy Procedure concerning his claims brought in this lawsuit.

15. Inmate Virgil Smith never filed a grievance concerning his condition of confinement claims brought in the captioned lawsuit.

16. Plaintiff never filed a grievance concerning his claim that he was wrongfully placed in isolation or claims regarding his incoming and outgoing mail while incarcerated at the St. Tammany Parish Jail prior to filing his lawsuit.

17. The grievance attached to plaintiff's complaint was never received by me as the first level respondent in accordance with the St. Tammany Parish Jail's Administrative Remedy Procedure.

18. The two-page letter attached to plaintiff's complaint is not a grievance in accordance with the St. Tammany Parish Jail's Administrative Remedy Procedure.

19. Inmate Virgil Smith did not exhaust all his administrative remedies as required by the St. Tammany Parish Jail Administrative Remedy Procedure concerning his condition of confinement claims.[7]

Defendants also submitted with their motion for summary judgment a copy of plaintiff's jail file.[8] Those records substantiate Longino's assertion that plaintiff did not exhaust his administrative remedies with respect to the claims asserted in this lawsuit.

As a preliminary matter, the Court notes that plaintiff's jail file contains numerous documents in which plaintiff expressed his dissatisfaction with the conditions of his confinement. For example, his jail file is replete with various letters filled with complaints, as well as numerous "St. Tammany Parish Jail Request Forms" concerning various complaints. However, because those complaints

---

[7] Rec. Doc. 25, Attachment 2.

[8] Rec. Doc. 25, Attachment 1.

were neither submitted on the formal grievance form nor contained the words "This is a grievance through the ARP," they did not constitute official grievances submitted pursuant to the applicable administrative remedy procedure. Therefore, they are irrelevant to the issue of exhaustion under § 1997e(a).

However, plaintiff's jail records reflect that he did file one official grievance. In that grievance, dated December 12, 2002, he complained about being confined in isolation. Longino responded to that grievance, stating that plaintiff could be placed on a tier. On December 17, 2002, plaintiff signed the grievance form acknowledging that he had received Longino's response. The form advised plaintiff that if he wished to appeal to the next level, he must do so within five days. The grievance records contain no such appeal.[9]

Because plaintiff failed to pursue his grievance through the appeals process, his isolation claim is not exhausted. The mere filing of first-step grievances does not *exhaust* administrative remedies, as is required by federal law. "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). A plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff attached to his federal complaint another grievance form he purportedly submitted to jail authorities. In that grievance, dated January 16, 2004, he complained about his confinement in isolation and the denial of mail privileges. That grievance does not appear in plaintiff's jail

---

[9] In light of the favorable response to his grievance at the first step, plaintiff may have been satisfied with that response and felt no need to pursue an appeal.

records, and Longino states that he, as the first-level respondent under the administrative remedy procedure, never received that grievance. This Court need not resolve the issue of the disputed authenticity of that document because, in any event, it is at most a first-level grievance. Because there is no evidence that plaintiff pursued that purported grievance through the third step of the administrative remedy procedure, the grievance has no effect on the exhaustion issue.

According to Longino's affidavit, plaintiff did not pursue any of his claims through completion of the administrative remedy procedure. Plaintiff's jail records likewise indicate that plaintiff failed to pursue any grievance through all three steps of the procedure.[10] Additionally, plaintiff puts forth no rebuttal evidence whatsoever to demonstrate that he pursued his grievances through the third step of the administrative remedy procedure. To allow plaintiff, who clearly did not pursue any grievance through all three steps of the applicable administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).[11]

---

[10] The file does contain one "St. Tammany Parish Jail Request Form" on which plaintiff had written "A.R.P. Stap [sic] (2)." Even if that document could be considered a request for second-step review, there is no evidence that plaintiff subsequently proceeded to the third step.

[11] The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Considering defendants' evidence establishing that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as well as the fact that plaintiff has not met his burden to demonstrate that a genuine issue of material fact exists regarding the exhaustion issue, the Court finds that Warden Marlin Peachey and Deputy Warden Greg Longino are entitled to summary judgment pursuant to Fed.R.Civ.P. 56 and 42 U.S.C. § 1997e(a). Accordingly, the motion for summary judgment filed by Warden Marlin Peachey and Deputy Warden Greg Longino[12] is **GRANTED**, and the claims against those defendants are **DISMISSED WITHOUT PREJUDICE**, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court notes that the remaining defendant, Deputy Stephanie, did not join in the motion for summary judgment; however, she could not have done so because she has never been served.[13] Nevertheless, in light of the foregoing, it is clear that § 1997e(a) would also bar plaintiff's claim against Deputy Stephanie. Accordingly, the Court hereby places plaintiff on notice that it is considering entering summary judgment *sua sponte* on that claim in favor of Deputy Stephanie on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.[14] If plaintiff opposes that proposed action, he is **ORDERED** to file a memorandum in opposition to the entry of summary judgment on or before February 2, 2005.

---

[12] Rec. Doc. 25.

[13] Rec. Doc. 11.

[14] "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion." Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

As to plaintiff's motion for partial summary judgment,[15] that motion is **DENIED**. In that plaintiff failed to comply with the requirements of 42 U.S.C. § 1997e(a), he is not entitled to summary judgment.

As to plaintiff's motions for the entry of default and for a default judgment against Deputy Stephanie,[16] those motions are also **DENIED**. In that Deputy Stephanie has never been served,[17] plaintiff is not entitled to the entry of default or a default judgment against her.[18]

New Orleans, Louisiana, this 18 day of January, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[15] Rec. Doc. 14.

[16] Rec. Docs. 23 and 24.

[17] Rec. Doc. 11.

[18] Additionally, the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to a plaintiff until the defendant has filed a reply. 42 U.S.C. § 1997e(g)(1).